HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

Petitioner,

v.

JEREMY LUCAS,

Respondent.

Case No. 2:25-cv-01732-JNW

RESPONDENT JEREMY LUCAS'S MOTION TO REMAND FOR FURTHER ARBITRATION PROCEEDINGS

NOTED ON MOTION CALENDAR: SEPTEMBER 18, 2026

## I. INTRODUCTION

This Court partially vacated the Final Award in Respondent Jeremy Lucas's ("Lucas") arbitration against Petitioner Valve Corporation ("Valve"). Dkt. 28. It vacated the Final Award because Valve had not received access to timesheets and billing records relevant to the fee award. The arbitration therefore remains unfinished with the arbitrator to conduct further proceedings consistent with this Court's ruling and issue a new final award.

Lucas attempted to return to arbitration for that purpose. He asked to schedule further proceedings so that the fee issue could be reconsidered under the



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

procedures required by this Court's July 24, 2026 Order. But the AAA wants further direction from the court before letting the arbitrators resume. The AAA explained that it "does not have the authority to reopen these closed matters" but "will comply with any Court Order remanding a case to the AAA, should one be issued." Ex. A (Email from Jill Roettger).

The Federal Arbitration Act expressly contemplates remand following vacatur. 9 U.S.C. § 10(b); *Sanchez v. Elizondo*, 878 F.3d 1216, 1220 (9th Cir. 2018). And the Supreme Court has explained that, when an arbitration award is properly vacated, "the appropriate remedy is to remand the case for further arbitration proceedings." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 511 (2001). Lucas therefore asks the Court to issue the express remand order the AAA requested so that Arbitrator Goins can complete the proceedings consistent with this Court's prior ruling.

## II. Facts

Under the parties' binding arbitration agreement, Lucas filed an arbitration demand against Valve in October 2023. Lucas won his arbitration. Arbitrator Goins ultimately ruled in Lucas's favor and issued an Interim Award resolving liability and damages, followed by a Final Award.

Following the Final Award, Valve petitioned the Court to vacate the awards. Dkt. 1. On July 24, 2026, the Court granted the request in part. Dkt. 28. The Court did not invalidate the parties' underlying agreement to arbitrate, nor did it find any fraud, corruption, or partiality on the part of Arbitrator Goins. Instead, the Court



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

vacated the Final Award because Lucas's timesheets and billing records had been reviewed *in camera* only. *Id.* The arbitrator's underlying liability and damages determinations remain undisturbed.

On August 10, 2026, Lucas asked Arbitrator Goins for a scheduling conference to conduct further proceedings in accordance with the due process standards this Court expressed in its order. Ex. B (Letter to Arbitrator Goins). Valve objected to returning this matter to the arbitrator but identified no alternative mechanism for completing the arbitration and obtaining a final award. On August 17, 2026, the AAA emailed Lucas, informing him that it was unwilling to reopen the case absent an explicit order of remand from the Court. Ex. A.

## III. ARGUMENT

The FAA expressly authorizes a court that vacates an arbitration award to direct further proceedings before the arbitrator. Section 10(b) provides that, "[i]f an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators." 9 U.S.C. § 10(b). As the Ninth Circuit has recognized, "the inclusion of a remand order when a court vacates an arbitration award is common" because "the FAA itself contemplates remand." *Sanchez*, 878 F.3d at 122. The Supreme Court likewise has explained that, "[e]ven when the arbitrator's award may properly be vacated, the appropriate remedy is to remand the case for further arbitration proceedings." *Garvey*, 532 U.S. at 511.



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

That is what Lucas seeks here. He does not ask this Court to reconsider its July 24 ruling, reinstate the vacated Final Award, or decide an issue reserved for the arbitrator. The Court determined that the Final Award could not stand because Valve was not afforded sufficient access to the records supporting the fee request. The Court did not disturb the arbitrator's liability and damages determinations. What remains is fee briefing to be redone, again, in light of this court's order.

Remand will accomplish that task. The arbitration was administratively closed after Arbitrator Goins issued the Final Award. Once this Court vacated that award, Lucas promptly returned to the arbitrator and requested further proceedings. But the AAA has now stated that it will not reopen the matter without an express remand order. Ex. A. Thus, although the parties' arbitration is not complete following the Court's partial vacatur, the AAA will not let the arbitrator proceed until this Court issues the procedural order necessary to return the matter to her.

Courts issue precisely such orders following vacatur. In *Lindsey v. Travelers Commercial Insurance Co.*, the court recognized that a party could request an order remanding a vacated award for further arbitration proceedings. 636 F. Supp. 3d 1181, 1187 (E.D. Cal. 2022). When such a request was later made, the court granted the motion and remanded the matter to arbitration. *Lindsey v. Travelers Commercial Insurance Co.*, No. 2:19-cv-01855-KJM-CKD, 2024 U.S. Dist. LEXIS 86032, at *2 (E.D. Cal. May 10, 2024).



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.353.8021 | F 888.233.5869

The same result should follow here. The Court has already determined which portions of the arbitral decision may stand. An express remand will permit Arbitrator Goins to conduct further proceedings consistent with the Court's order and complete the arbitration.

## IV. CONCLUSION

Lucas respectfully requests that the Court remand this matter to the AAA and Arbitrator Goins for further arbitration proceedings consistent with the Court's July 24, 2026 Order and for issuance of a new final award.

DATED this 21st day of August, 2026.

BAILEY DUQUETTE P.C.

By: /s William R. Burnside

William R. Burnside, WSBA #36002
800 Fifth Ave, Suite 101-800
Seattle, Washington 98104
T: 206.353.8021
E: will@baileyduquette.com

BUCHER LAW PLLC

William Ward Bucher IV
(*pro hac vice* forthcoming)
1000 Brickell Ave
STE 715 - Mailbox 1004
Miami, FL 33131
Tel. 202.997.3029
E: will@bucherlaw.com

*Attorneys for Jeremy Lucas*

*I certify that this motion contains less than 8,400 words pursuant to Local Rules W.D. Wash. LCR 7(e)(4).*